**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0474-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

VIRGIL SUGGS, a/k/a
MALIK SUGGS, and
MALIK HINTON,

     Defendant-Appellant.

_____

Submitted October 15, 2020 – Decided January 6, 2021

Before Judges Whipple, Rose, and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 13-03-0524 and 13-03-0525.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Caroline C. Galda, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Virgil Suggs, appeals from the August 25, 2018, denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant was convicted of first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2), and related charges, for shooting multiple passengers stopped in a vehicle. He received a sentence of life in prison. After reviewing the record, we reverse and remand for an evidentiary hearing.

The underlying facts supporting defendant's convictions are outlined in our opinion on his direct appeal, which affirmed his conviction, and need not be fully repeated here.[1] A subsequent petition for certification to our Supreme Court was also denied.[2] However, we highlight the relevant procedural and factual history for the issues raised in this appeal.

On October 1, 2012, at 11:00 p.m., a man fired shots into a vehicle stopped at a traffic light in Newark, striking two passengers, while Sirmeerah Bunion-Clemmons and Philip Smith were in the car. At the hospital, one of the passengers later died. In the early hours of October 2, 2012, Philip Smith and

---

[1] State v. Suggs, No. A-0073-14 (App. Div. Sept. 20, 2016).

[2] State v. Suggs, 228 N.J. 478 (2017).

A-0474-18T3

Bunion-Clemmons were taken to the police station to give statements regarding the incident. Smith and Bunion-Clemmons, separately, identified the photo of defendant as that of the shooter. Defendant was later charged with the shooting and a jury trial found he was guilty on all counts. He was sentenced to life imprisonment on July 31, 2014.

On February 21, 2017, defendant, pro se, filed a petition for PCR asserting he was afforded inadequate time to meet with counsel given the seriousness of the charges; his trial counsel failed to properly communicate with him during jury selection and did not dismiss jurors defendant requested, which affected the guilty verdict; his motion to relieve trial counsel was ignored; when he suggested questioning two of the witnesses about a relationship, his attorney failed to do so; and his attorney should have found a State witness's bias and prejudice before trial.

After PCR counsel was assigned, a supplemental brief in support of PCR was filed in June 2018. Oral arguments for the PCR petition were held on July 27, 2018. The PCR judge, in a written decision, denied the petition, without an evidentiary hearing, on August 25, 2018. This appeal followed. Defendant filed a motion to supplement the record, which we granted on January 17, 2020.

Defendant raises the following issues in appealing the PCR denial:

A-0474-18T3

POINT ONE
THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING BECAUSE TESTIMONY IS NEEDED REGARDING TRIAL COUNSEL'S FAILURE TO CONDUCT AN INVESTIGATION OF THREE STATE WITNESSES, WHO WERE ALL INVOLVED IN VARIOUS UNETHICAL BEHAVIORS, WHICH WOULD HAVE WEAKENED THEIR CREDIBILITY AT TRIAL.

POINT TWO
THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED REGARDING TRIAL COUNSEL'S FAILURE TO DISCLOSE TO MR. SUGGS THAT HE WAS FRIENDS WITH VICTIM PHILIP SMITH.

In short, "[PCR] is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459, 609 A.2d 1280 (1992). Pursuant to Rule 3:22-2(a), a criminal defendant is entitled to PCR if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey."

In order to prove ineffective assistance of counsel, it must be demonstrated that counsel's handling of the case "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the

4

Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687-88 (1984); State v. Fritz, 105 N.J. 42, 52 (1987) (adopting the Strickland two-part test in New Jersey). Moreover, defendant must prove counsel's "deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. Prejudice is established by showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Furthermore, the mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and decide on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts are outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); see State v. Porter, 216 N.J. 343, 355 (2013).

When a PCR petitioner contends that trial counsel was ineffective, he or she "must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Porter, 216 N.J. at 353 (quoting Cummings, 321 N.J. Super. at 170). "Even a suspicious or questionable affidavit supporting a PCR petition 'must be tested for credibility and cannot be

summarily rejected.'" Id. at 355 (quoting State v. Allen, 398 N.J. Super. 247, 258 (App. Div. 2008)).

The PCR court must consider the facts in a light favorable to defendant in determining whether to grant an evidentiary hearing. Preciose, 129 N.J. at 462-63. We apply an abuse of discretion standard to a trial court's decision regarding an evidentiary PCR hearing. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). Based on these principles, with the newly discovered evidence, we conclude defendant was entitled to an evidentiary hearing. As our Supreme Court stated in Porter:

> Certain factual questions, "including those relating to the nature and content of off-the-record conferences between defendant and [the] trial attorney," are critical to claims of ineffective assistance of counsel and can "only be resolved by meticulous analysis and weighing of factual allegations, including assessments of credibility." These determinations are "best made" through an evidentiary hearing.
>
> [Porter, 216 N.J. at 355 (quoting State v. Pyatt, 316 N.J. Super. 46, 51 (App. Div. 1998)).]

In his first argument, defendant offers three instances of trial counsel's "failure to conduct an investigation" into the State's witnesses. We reject the argument that counsel failed to investigate the State's ballistic expert's problematic social media account and did not notice he knew one of the

witnesses. Our concern focuses on an alleged extramarital relationship, which would have allowed defendant to cast doubt on the prosecution's case if properly investigated.

Defendant contends that trial counsel failed to properly investigate his case and, as such, defendant did not receive effective legal counsel during trial. Defendant argues that trial counsel failed to properly investigate the credibility of witnesses Bunion-Clemmons, Smith, and Detective Laterza. He asserts an investigation into these witnesses would have revealed information with which they could have been impeached with at trial.

Regarding Detective Laterza, the State's ballistics expert, a series of prejudicial tweets on social media were discovered and brought to the attention of a United States District Judge for the District of New Jersey, by the United States Attorney's Office in Newark. The PCR judge found defendant's claim without merit because "[a]t the time of the investigation and subsequent trial in 2014," Laterza "did not have the capacity to prejudice [defendant] or influence [the] jury's verdict." Detective Laterza's tweets became problematic in 2017, while defendant's trial was in 2014. If the tweets were discoverable in 2014, defendant failed to provide any evidence of such. Thus, there exists no basis for casting doubt on trial counsel's investigatory decisions.

7 <span>A-0474-18T3</span>

Defendant also argues trial counsel failed to investigate Bunion-Clemmons, Smith, and their alleged affair. Defendant believes an investigation into this affair could have supported "the possibility of third-party guilt," with Bunion-Clemmons's husband as a potential suspect. In her decision, the PCR judge found that defendant's "allegations [did] not establish a prima facie claim of ineffective assistance of counsel entitling [defendant] to post-conviction relief from the jury's sound verdict; or in the alternative[,] warrant an evidentiary hearing." The judge found that there was nothing in the record supporting defendant's allegation that there was a romantic relationship between Smith and Bunion-Clemmons. However, the record was supplemented later with Ms. Bunion-Clemmons's statement to police from October 2, 2012.

Bunion-Clemmons, who was separated from her husband, disclosed that she and Smith had "been talking lately and [her] husband found out about it," but she also asserts that she does not think her husband "has something like this in him." When asked if she was having trouble with anyone, she responded that someone had broken into her house the previous Friday. Bunion-Clemmons was under the impression that burglary was committed by someone she knew personally because her children's possessions were not taken or touched, while her possessions were stolen.

8

Although Bunion-Clemmons asserts that she and Smith were "talking," there is no evidence that they were involved in a dating or physical relationship. However, because the PCR judge did not have the opportunity to review and consider this statement and given her determination on this issue was largely based on the lack of evidence, this question of effective assistance of counsel should be remanded for consideration of Bunion-Clemmons's statement to police.

We need not reach the merits of defendant's remaining argument, wherein he contends additional testimony at an evidentiary hearing is needed to show trial counsel's personal connection with Smith. Defendant may pursue this claim at the evidentiary hearing.

Reversed and remanded for an evidentiary hearing consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0474-18T3